IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MYRNA ESHRAGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-1214-BMJ |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Myrna Eshragh, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 6], and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.     Procedural Background**

On May 1, 2015, Plaintiff protectively filed an application for disability insurance benefits. *See* AR 13. The Social Security Administration denied the application initially and on reconsideration. AR 71, 80. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated November 21, 2016. AR 10-31. The Appeals Council denied Plaintiff's request for review. AR 1-5. Thus, the decision of the ALJ became the final decision of

---

[1] Citations to the parties' submissions reference the Court's CM/ECF pagination.

the Commissioner. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff seeks judicial review of this final agency decision.

## II.     **The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since August 1, 2011, her alleged onset date. AR 15.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of disorders of the back (lumbar spine), dysfunction of the major joints (right shoulder, status post arthroscopic surgical intervention), peripheral neuropathy (bilateral lower extremities), bilateral hands (status post carpal tunnel release), left knee, left ankle, and obesity. *Id.*[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations: occasionally climb ramps and stairs, avoid the climbing of ladders, ropes, and scaffolds; avoid no more than occasional reaching overhead with bilateral upper extremities; frequently use the bilateral upper extremities for reaching otherwise; frequently use the bilateral upper extremities for fingering; occasional stooping, kneeling[,] crouching, and crawling, and occasional use of the bilateral lower extremities for foot controls.

AR 16-26. Relying on the testimony of a vocational expert, the ALJ then found Plaintiff could perform her past relevant work as a receptionist, customer service representative, and telephone

---

[2] The ALJ also found Plaintiff had the non-severe impairments of diabetes mellitus, type II, hypertension, and hyperlipidemia. *Id.*

2

solicitor. AR 26. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 27.

## III. Issue Presented for Judicial Review

Plaintiff contends the ALJ erred in formulating the RFC because she failed to weigh the opinions of a treating physician.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. Analysis

Plaintiff was diagnosed with bilateral carpal tunnel syndrome in 2010. AR 19, 242-243. She underwent carpal tunnel release surgery, performed by Dr. Richard A. Ruffin, M.D., in each

of her hands in 2013. AR 21, 337-344. In 2014, after visiting multiple times with Plaintiff, Dr. Ruffin made the following opinion about Plaintiff's work status: "Permanent restrictions include limited grasp bilaterally in both hands." AR 335. Plaintiff argues reversal is required because the ALJ ignored this opinion. The Court agrees.

### A. Governing Law

A sequential, two-step inquiry governs an ALJ's evaluation of the medical opinions of a claimant's treating physician. *Krauser*, 638 F.3d at 1330. The two-step inquiry is mandatory and each step of the inquiry is "analytically distinct." *Id*. First, the ALJ must decide whether the opinion is entitled to "controlling weight." If the opinion is "well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record," then the opinion must be given controlling weight. *Id*. A deficiency in either of these areas requires that the opinion not be given controlling weight. *Id*.

When a treating physician opinion is not entitled to controlling weight, the inquiry does not end. The opinion is still entitled to deference. Thus, at the second step of the inquiry, "the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Id*. As the Tenth Circuit has made clear: "[i]f this is not done, a remand is required." *Id*. The relevant factors governing the second step of the inquiry include: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other

factors brought to the ALJ's attention which tend to support or contradict the opinion." *Id*. at 1331 (citation omitted).

The treating physician rule is founded on the treating physician's unique perspective to the medical evidence due to both the duration and frequency of the treatment relationship. *Doyal*, 331 F.3d at 762. The rule "is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Id*. (citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2) (addressing weight given to treating source due to his or her "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

### B. The ALJ Ignored Dr. Ruffin's Opinion

As Defendant concedes, the ALJ did not discuss Dr. Ruffin's statement about Plaintiff's limited ability to grasp bilaterally.[3] Def.'s Br. 6. Although defendant argues that the ALJ need not mention every piece of evidence, regulations contemplate that all medical opinions will be evaluated. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). Indeed, an ALJ must discuss the opinions of a treating physician. *See Victory v. Barnhart*, 121 F. App'x 819, 825 (10th Cir. 2005) (unpublished) (finding clear legal error where "the ALJ's decision makes no mention whatsoever of [doctor's] reports or opinions, and gave no reason for disregarding his opinion"); *Horner v. Astrue*, No. CIV-07-894-M, 2008 WL 4525450, at *3 (W.D. Okla. Oct. 3, 2008). Furthermore, the ALJ effectively rejected Dr.

---

[3] While the ALJ discussed evidence regarding Dr. Ruffin's pre-surgery examinations and the surgery itself, he did not discuss evidence regarding Dr. Ruffin's post-surgical examinations of Plaintiff. AR 21.

5

Ruffin's opinion by not adopting any limitation as to Plaintiff's ability to grasp (or handle)[4] in the RFC. When a treating physician's opinion is rejected, the ALJ must "articulate specific, legitimate reasons for his decision." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).

Furthermore, the ALJ did not discuss Dr. Ruffin's finding regarding Plaintiff's grip despite addressing other evidence regarding Plaintiff's ability to do so. An ALJ's decision "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996); *see also Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (holding that an ALJ "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative").

Defendant argues that Dr. Ruffin's statement does not amount to a medical opinion which must be weighed because it did not identify a precise work-related limitation. Def.'s Br. 6-7. However, "medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of . . . impairment(s), including . . . symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and . . . physical or mental restrictions." 20 C.F.R. § 416.927. Dr. Ruffin's statement regarding Plaintiff's limited ability to grasp qualifies as a medical opinion under this framework.

Defendant also contends that the significance of Dr. Ruffin's opinion is overstated given the "relatively minimal workers' compensation ratings Dr. Ruffin assigned at the same time." Def.'s Br. 7. But, the ALJ did not address the workers' compensation ratings by Dr. Ruffin in the decision, let alone list them as a reason for discrediting Dr. Ruffin's opinion. Furthermore, to the

---

[4] Grasping is considered to be an aspect of handling. *See* SSR 85-15, 1985 WL 56857, at *2.

extent there are legitimate reasons to discount Dr. Ruffin's opinions, as Defendant suggests, "the district court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005). The Court refuses to engage in speculation as to what the ALJ might have decided had she considered other evidence.

The same prohibition on post hoc rationalizations applies to Defendant's argument that "it is reasonably discernable from the ALJ's decision why she did not include an RFC limitation related to Plaintiff's ability to grasp." Def.'s Br. 7. The error in this matter is that the ALJ ignored Dr. Ruffin's opinion and failed to weigh it as a result. It is true that the ALJ cited evidence from Dr. Reuben Walia, M.D., regarding Plaintiff's ability to use her hands in 2015. AR 23. The ALJ also cited evidence from Dr. Robert Wienecke, M.D., and weighed his opinion on Plaintiff's ability to lift. AR 378. But the issue is not that the ALJ's RFC determination was at odds with the evidence the ALJ actually utilized to support it, but instead that the ALJ ignored probative evidence regarding Plaintiff's ability to grasp which may have had an effect on the decision. The Court declines the Defendant's invitation to affirm the ALJ's decision on this basis.[5]

Defendant finally contends the error is harmless because her past relevant work, which the ALJ determined Plaintiff could perform, requires only occasional or frequent handling. Def.'s Br. 9-10; *see* DICOT, 237.367-038, 1991 WL 672192 (receptionist requiring frequent handling, existing from 1/3 to 2/3 of the time); DICOT, 239.362-014, 1991 WL 672224 (customer service

---

[5] Plaintiff cites a Tenth Circuit case for the proposition that an ALJ is not required to specifically discuss allegations of a condition where there is scant objective evidence of the condition and the ALJ found the claimant's statements were not credible. *Wall v. Astrue*, 561 F.3d 1048, 1068 (10th Cir. 2009). But in that case, there was "little evidence in the record" other than the claimant's subjective complaints. *Id.* On the other hand, in this case, a treating physician opined regarding Plaintiff's ability to grasp.

representative requiring occasional handling, existing up to 1/3 of the time); DICOT, 299.357-014, 1991 WL 672624 (telephone solicitor requiring occasional handling, existing up to 1/3 of the time). The Court concludes the error is not harmless because Dr. Ruffin did not opine on the frequency at which Plaintiff could grasp, only that her ability to do so was limited. The ALJ placed no limitations on Plaintiff's ability to handle. The Court would be required to reweigh the evidence, when considering Dr. Ruffin's opinion, to determine how frequently Plaintiff can handle or grasp—a task the Court is not permitted to perform. *Bowman*, 511 F.3d at 1272.

The ALJ erred by not considering Dr. Ruffin's opinion. As such, the Court finds that reversal and remand is warranted.

## VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 8th day of June, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE